**Stephen A. Raher**, WSBA No. 46984
    Direct: 971.867.2440
    Email: sraher@pdx-law.com
**TABOR LAW GROUP**
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
Fax: 971.634.0250

Counsel for Debtor in Possession

HONORABLE MARY JO HESTON
Chapter 11
Hearing Date: September 23, 2025
Hearing Time: 9:00 a.m.
Location: via ZoomGov
Response Date: September 16, 2025

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**AirX LLC,**<br><br>                            Debtor. | Case No. 25-41640-MJH<br><br>**OBJECTION TO CLAIM OF PHILADELPHIA INDEMNITY INSURANCE COMPANY (Claim No. 46)** |

        Pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007(a), AirX LLC ("**Debtor**"), hereby objects to the proof of filed on August 22, 2025 by Philadelphia Indemnity Insurance Co. ("**Philadelphia**") (Claim No. 46, the "**Claim**"), for the reasons stated below:

        1.    On July 10, 2025 (the "**Petition Date**"), the Debtor commenced the above-captioned case by filing a voluntary petition under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate its businesses and property as a debtor in possession pursuant to 11 U.S.C. § 1184.

        2.    The Debtor is a small locally-owned construction contractor specializing in the installation and replacement of heating, ventilation, and air-conditioning systems in commercial and industrial locations. Philadelphia is a surety that has issued certain bonds (collectively, the **"Bonds"**) guaranteeing performance in relation to certain of the Debtor's construction projects.

        3.    The Claim patently asserts a claim in the total *face* amount of the Bonds, without any proof that Philadelphia has actually paid any claims. The evidence in the record, including

**Page 1 of 3 - OBJECTION TO CLAIM OF PHILADELPHIA INDEMNITY INSURANCE CO**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH   Doc 86   Filed 08/22/25   Ent. 08/22/25 16:48:10   Pg. 1 of 7

the contents of the claim itself, indicates that Phliadelphia's entire Claim is contingent. Notably, the Claim alleges that Philadelphia "is *exposed to* payment and performance bond losses" in an estimated amount (Claim, attch. 1 at 1 (emphasis added)), but it includes no allegation that Philadelphia has made any actual payment. Instead, Philadelphia files its Claim for the full face amount of the Bonds.

4. The Claim is not allowable at this time under 11 U.S.C. § 502(e)(1)(B), which requires a court to disallow the claim of a guarantor (such as a surety) to the extent that the claim "is contingent as of the time of allowance of disallowance."

5. In the parlance of suretyship, the Debtor, as the purchaser of the Bonds, is the "principal (or primary) obligor;" Philadelphia, as issuer of the Bonds, is the "secondary obligor;" and parties making claims against the Bonds are potential "obligees." *See* Restatement (Third) of Suretyship & Guaranty § 1 (1996). With respect to § 502(e)(1)(B):

> Both the primary obligee [*i.e.*, the customer or supplier] and the guarantor [*i.e.*, Philadelphia] have a claim against the debtor that arises from the same debt; the primary obligee has a right to payment from the debtor, and the guarantor has a contingent right to reimbursement or contribution from the debtor *which may become noncontingent in the event that it fully satisfies the primary obligee's claim*. By disallowing the guarantor's contingent claim for reimbursement or contribution, section 502(e)(1)(B) ensures that the estate will not at the same time be liable to the primary obligor and the guarantor for the same debt.

4 Collier on Bankruptcy ¶ 502.06[d] (16th ed. rev. 2025) (emphasis added, citations omitted).

6. To the extent Philadelphia filed the Claim to meet the bar date set by the court, such an exercise is a needless escalation of the proceedings in this case, since the claim can be filed at a later time pursuant to 11 U.S.C. § 502(e)(2).

7. Philadelphia further alleges that Debtor owes unpaid bond premia of $63,773 (Claim, Exh. B). Reserving the right to contest the amount of such premia, the Debtor states that this amount too is a contingent liability. Debtor will either pay the required amounts in conjunction with assumption of the relevant Bonds, or if it chooses to reject Bonds with unpaid premia, Philadelphia will be able to later make a claim under 11 U.S.C. § 502(g)(1).

Page 2 of 3 - OBJECTION TO CLAIM OF PHILADELPHIA INDEMNITY INSURANCE CO

Tabor Law Group
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 86    Filed 08/22/25    Ent. 08/22/25 16:48:10    Pg. 2 of 7

For the reasons set forth above, Debtor seeks entry of an order (substantially in the form submitted herewith) disallowing the Claim in its entirety, without prejudice to Philadelphia's ability to subsequently seek allowance of a claim under § 502(e)(2) and/or (g)(1).

DATED: August 22, 2025.

TABOR LAW GROUP

By: /s/ Stephen A. Raher
Stephen A. Raher, WSBA No. 46984
Counsel for Debtor in Possession

Page 3 of 3 - OBJECTION TO CLAIM OF PHILADELPHIA INDEMNITY INSURANCE CO

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 86    Filed 08/22/25    Ent. 08/22/25 16:48:10    Pg. 3 of 7

**Stephen A. Raher**, WSBA No. 46984
   Direct: 971.867.2440
   Email: sraher@pdx-law.com
**TABOR LAW GROUP**
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
Fax: 971.634.0250

Counsel for Debtor in Possession

HONORABLE MARY JO HESTON
Chapter 11
Hearing Date: September 23, 2025
Hearing Time: 9:00 a.m.
Location: via ZoomGov
Response Date: September 16, 2025

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**AirX LLC,**<br><br>              Debtor. | Case No. 25-41640-MJH<br><br>**NOTICE OF OBJECTION TO CLAIM AND HEARING THEREON** |

AirX LLC (the "Debtor") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then you or your lawyer must file with the Court a written response to the objection, by the deadline set forth in the paragraph following the hearing information, below. If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above. The Court's mailing address is United States Bankruptcy Court, 1717 Pacific Avenue, Suite 2100, Tacoma, Washington 98402-3233.

You must also send a copy to Stephen A. Raher, Tabor Law Group, 4110 SE Hawthorne Blvd., PMB 506, Portland, OR 97214. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

PLEASE TAKE NOTICE that AirX LLC's claim objection, which seeks disallowance of the claim,

**Page 1 of 3 –NOTICE OF OBJECTION TO CLAIM AND HEARING THEREON**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 86    Filed 08/22/25    Ent. 08/22/25 16:48:10    Pg. 4 of 7

IS SET FOR HEARING AS FOLLOWS:

<u>Judge</u>: Mary Jo Heston     <u>Time</u>: 9:00 a.m.

<u>Place</u>: via ZoomGov (see below     <u>Date</u>: September 23, 2025

IF YOU OPPOSE the relief sought in the Debtor's Objection, you must file your written response with the Clerk's office of the Bankruptcy Court and deliver copies to the undersigned attorney NOT LATER THAN THE RESPONSE DATE, which is September 16, 2025. If you file a response you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE RELIEF REQUESTED IN THE OBJECTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, AND STRIKE THE HEARING.

<u>Zoom Gov Hearing Information</u>
Join ZoomGov Meeting
https://www.zoomgov.com/j/1606692441?pwd=ZkVCbVEyTzZBRWovRlI0ODZRUUFjQT09

Meeting ID: 160 669 2441
Passcode: 827542
---
One tap mobile
+16692545252,,1606692441# US (San Jose)
+16692161590,,1606692441# US (San Jose)
---
Dial by your location
- +1 669 254 5252 US (San Jose)
- +1 669 216 1590 US (San Jose)
- +1 415 449 4000 US (US Spanish Line)
- +1 551 285 1373 US (New Jersey)
- +1 646 828 7666 US (New York)
- +1 646 964 1167 US (US Spanish Line)

Meeting ID: 160 669 2441

Find your local number: https://www.zoomgov.com/u/abGXEPYqMS

Dated: August 15, 2025

**Page 2 of 3 –NOTICE OF OBJECTION TO CLAIM AND HEARING THEREON**

Tabor Law Group
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

TABOR LAW GROUP

By: /s/ Stephen A. Raher
Stephen A. Raher, WSBA No. 46984
Counsel for Debtor in Possession

**Page 3 of 3 –NOTICE OF OBJECTION TO CLAIM AND
HEARING THEREON**

# CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **OBJECTION TO CLAIM OF PHILADELPHIA INDEMNITY INSURANCE COMPANY (Claim No. 46)**, and the proposed ordere thereon, to be served on interested parties requesting notice through the Court's CM/ECF system, as well as to the following parties, via first-class mail:

    Paul K. Friedrich
    92 Lenora St #119
    Seattle, WA 98121

DATED: August 22, 2025.

                                            By: */s/ Stephen A. Raher*
                                                     Stephen A. Raher

**CERTIFICATE OF SERVICE**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 86    Filed 08/22/25    Ent. 08/22/25 16:48:10    Pg. 7 of 7