**Below is the Order of the Court.**



**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| In re | Case No. 25-41640-MJH |
|---|---|
| **AirX LLC,** | **ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS** |
| Debtor. | |

This matter came before the Court on the First Omnibus Motion to Assume and Reject Executory Contracts (ECF No. 102, the **"Motion"**), filed by AirX LLC (the "**Debtor**"), seeking authorization and assume and reject certain executory contracts listed therein. The Court held a hearing on the Motion on September 23, 2025 at 10:00 a.m., at which Stephen A. Raher appeared on behalf of the Debtor, Paul K. Friedrich appeared on behalf of Philadelphia Indemnity Insurance Company and Merchants Bonding Company, Marguerite Lee DeVoll and Loren D. Podwill appeared on behalf of Markel Insurance Company, Dominque R. Scalia appeared on behalf of Kapitus Servicing, Inc., Michael DeLeo appeared on behalf of Ferguson Enterprises, LLC, Chad R. Barnes appeared on behalf of City of Bellevue, and Sherri Martinelli appeared on behalf of Baldwin General Contracting, Inc. Based on the Motion and the documents submitted in support thereof, and the records and files herein, it is hereby ORDERED as follows:

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS – Page 1 of 4**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 139    Filed 09/24/25    Ent. 09/24/25 15:48:47    Pg. 1 of 4

1. The Motion is GRANTED IN PART, subject to the terms set forth herein.

2. **Rejection.** The following executory contracts (collectively, the "Rejected Contracts") are hereby rejected under 11 U.S.C. § 365(a), effective immediately prior to July 10, 2025:

| Counterparty (each a "Project Owner" and collectively the "Project Owners") | Job Name (each a "Project" and collectively the "Projects") | Surety (each a "Surety," and collectively the "Sureties") |
|---|---|---|
| Bremik Construction, Inc. | Mt. Scott Community Center | Merchants Bonding Co. |
| Clark County Public Transportation Benefit Area (C-TRAN) | C-TRAN 51st Circle HVAC & DD | Suretec (performance & payment bond) and Philadelphia Indemnity Ins. Co. (retainage bond) |
| Construction Services Group, Inc. | Vancouver Fire Dept St. #5 | Philadelphia Indemnity Ins. Co. |
| J.W. Fowler | McMinnville Solids Treatment | Merchants Bonding Co. |
| Port of Portland | PDX Cargo Center | Suretec (performance & payment bond) and Philadelphia Indemnity Ins. Co. (retainage bond) |
| Rotschy, Inc. | City of Gresham Groundwater Dev. 4 | Philadelphia Indemnity Ins. Co. |
| Slayden Constructors, Inc. | Rock Creek Primary Clarifier | Suretec |
| Stellar J Corporation | Primary Clarifier Hauled Waste | Suretec |
| Swinterton | Blue Lake Park O&M Facility | Merchants Bonding Co. |

3. **Earned but unpaid amounts; contract balances; retention.** The Debtor's right, title, and interest in any earned but unpaid amounts, including but not limited to, unpaid retention, and any contract balances remaining under any Rejected Contract are abandoned to the benefit of the respective Sureties; *provided, however*, to the extent that different Sureties have issued performance and payment bonds (on the one hand) and retainage bonds (on the other) for a single contract, nothing in this order determines the relative priority of the respective Sureties to the earned but unpaid amounts, contract balances, and/or retainage.

4. **Relief from stay.** The stay existing under 11 U.S.C. § 362(a) is hereby modified to allow, but not obligate or require, any Project Owner or Surety, in accordance with

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS – Page 2 of 4**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 139    Filed 09/24/25    Ent. 09/24/25 15:48:47    Pg. 2 of 4

any bonds issued by said Surety, to exercise their respective rights under the applicable Rejected Contract, bonds, and applicable law to take all such necessary steps to assume control of the work set forth in the respective Rejected Contract, and to collect from non-Debtor parties any funds due and/or remaining under such contract, without further order of the Court. The relief granted herein is effective immediately and the stay provided by Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived.

      5. **Rejection damage claims.** Claims arising out of the rejection of the Rejected Contracts, if any, must be filed no later than forty-five (45) days following the entry of this order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with this case.

      6. **Reservation of rights.** The Project Owners and the Sureties reserve all rights, defenses, and claims under the respective bonds, Rejected Contracts, and applicable law vis-à-vis each other and waive none and nothing in this Order shall be construed as imposing any obligations on the Sureties or the Project Owners to take any specific action under the respective bonds, Rejected Contracts, or with regard to any Projects. Nothing in this Order shall diminish, modify, or otherwise alter or impair the Sureties' or Project Owners' rights, obligations, or defenses under the respective bonds, Rejected Contracts, and applicable law

      7. **Further acts.** The Debtor, the Sureties, and the Project Owners are authorized to take all actions necessary to effectuate the relief granted in this order without further order of the Court.

      8. **Retention of jurisdiction.** The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this order.

      9. **Assumption of contracts.** The Court has not ruled on the remaining relief requested in the Motion, including but not limited to assumption of executory contracts. A

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS – Page 3 of 4**

Tabor Law Group
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 139    Filed 09/24/25    Ent. 09/24/25 15:48:47    Pg. 3 of 4

continued hearing on the still-pending portions of the Motion is set for Thursday October 16, 2025 at 10:00 a.m. via ZoomGov.

/// End of Order ///

Presented by:
TABOR LAW GROUP

 /s/ Stephen A. Raher
Stephen A. Raher, WSBA No. 46984
Counsel for Debtor in Possession

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS – Page 4 of 4**

TABOR LAW GROUP
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
taborlawpdx.com

Case 25-41640-MJH    Doc 139    Filed 09/24/25    Ent. 09/24/25 15:48:47    Pg. 4 of 4